In re:                                          Case No. 17-52731
                                                Chapter 11
Andy Uribe, Sr.
_____/

## (PROPOSED)COMBINED PLAN OF REORGANIZATION
## AND DISCLOSURE STATEMENT
### (November 1, 2017)

**INTRODUCTION**

This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: 7% of their allowed claims paid upon confirmation or through monthly payments over five years. Taxes and other priority claims would be paid in full, as shown in Part 3.

Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than March 22, 2018. The court will hold a hearing on confirmation of the Plan on March 29, 2018 at 1:00 pm.

Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's monthly income and expenses. Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan. Exhibit 5 shows Debtor's monthly income and expenses related to each investment property.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights. Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**PART 1: TREATMENT OF SECURED CREDITORS**

**Creditors' Rights Remain Unchanged.**

| Class | Name of Creditor | Description of Collateral |
|-------|------------------|---------------------------|
| 1A | U.S. Bank, National Association, serviced by Select Portfolio Servicing, (Subject Property: 575 Highland Ave., San Martin, CA 95046). | 575 Highland Ave., San Martin, CA 95046.  Pursuant to Debtor's schedules the subject property is valued at $1,250,000.00. Debtor owes pre-petition arrears in the amount of $80,060.32. Debtor will make equal payments to secured Creditor over 48 months if the case is confirmed in the amount of $1,680.96 |
|  |  |  |

These creditors' legal, equitable, and contractual rights remain unchanged with respect to the above collateral.  The confirmation order will constitute an order for relief from stay.  Creditors in these classes shall retain their interest in the collateral until paid in full.  **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**
**Class 2(a).  Small Claims.**

| Name of Creditor | Amount of Claim | Amount to be Paid |
|------------------|-----------------|-------------------|
| Credit One Bank | $1,056.00 | $60.00 |
| Credit One Bank, N.A. | $226.00 | $60.00 |
| Kohls/Capital One | $551.11 | $50.00 |
| Franchise Tax Board | $168.82 | $50.00 |
|  |  |  |
|  |  |  |
|  |  |  |

This class includes any creditor whose allowed claim is $2,000.00 or less, and any creditor in Class 2(b) whose allowed claim is larger than $2,000.00 but agrees to reduce its claim to $2,000.00.  Each creditor will receive on the Effective Date of the Plan a single payment equal to the lesser of its allowed claim.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Claimants in this class are impaired and are entitled to vote on confirmation of the Plan, unless their claims are paid in full with interest on the Effective Date of the Plan.**

**Class 2(b).   Large Claims.**

| Name of Creditor | Amount of Claim | Amount to be Paid |
|---|---|---|
| Bank of America, N.A. | $140,000.00 | $9,750.00 at a rate of $162.50 for 60 months |
| Loan Me | $5,385.00 | $375.95 at a rate of $50 per month for 7 months and then one payment of $25.95. |
| Internal Revenue Service | $21,628.02 | $1,515.00 at a rate of $101.00 for 15 months. |
| | | |
| | | |
| | | |
| | | |
| | | |

This class includes any creditor whose allowed claim is more than $2,000.00. Each creditor will receive payments outlined above or 1/60th of the amount to be paid over the 60 months following confirmation.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Claimants in this class are impaired and are entitled to vote on confirmation of the Plan, unless their claims are paid in full with interest on the Effective Date of the Plan.**

**PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**
(a)   <u>Professional Fees</u>.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| Paul Seabrook, Esq., Attorney | $3,000.00 |
| | |

The following professionals have agreed to accept payment over time as follows. Payments will be made [monthly/ quarterly], due on the [number] day of the [month/quarter], starting [month & year] or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount | Payment Amount | Number of Payments |
|---|---|---|---|
| | | | |
| | | | |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b)  <u>Other Administrative Claims</u>.  Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below).  All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| United States Trustee | $650.00 |
| | |

(c)  <u>Tax Claims</u>.  Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the

Bankruptcy Code. Payments will be made [monthly/quarterly], due on the [number] day of the [month/quarter], starting [month & year]. To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| Internal Revenue Service | $15134.50 | 0.00 | $100.00 for 48 months and then, beginning in December, 2021, $862.00 for 12 months | 60 |
| Franchise Tax Board | $287.23 | 0.00 | $287.23 upon Confirmation | 1 |

## PART 4: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(a) Executory Contracts/Unexpired Leases Assumed. Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder. Post-confirmation obligations will be paid as they come due. Pre-confirmation arrears will be paid [select one] [in full on the Effective Date] in [number] equal [monthly/quarterly] installments beginning on the first day of [month & year].

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Installments |
|---|---|---|---|---|
| | | | | |

Individual Chapter 11
Combined Plan & Disclosure Statement
July 30, 2012

(Version: 7/30/12)

Case: 17-52731   Doc# 45   Filed: 02/13/18   Entered: 02/13/18 15:31:58   Page 6 of 18

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |

(b) <u>Executory Contracts/Unexpired Leases Rejected</u>. Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court. Claims arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
|  |  |
|  |  |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed [select one] [assumed/rejected].

**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**

(a) <u>Discharge</u>. Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) <u>Vesting of Property</u>. On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) <u>Plan Creates New Obligations</u>. Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**
(a) <u>Creditor Action Restrained</u>. The confirmed Plan is binding

on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b) <u>Obligations to Each Class Separate</u>. Debtor's obligations under the Plan are separate with respect to each class of creditors. Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes. For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) <u>Material Default Defined</u>. If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than **30** days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d) <u>Remedies Upon Material Default</u>. Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) <u>Claims not Affected by Plan</u>. Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f)  Effect of Conversion to Chapter 7.  If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g)  Retention of Jurisdiction.  The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.


**PART 7: GENERAL PROVISIONS**
(a)  Effective Date of Plan.  The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed.  If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed.  If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b)  Disputed Claim Reserve.  Debtor will create a reserve for disputed claims.  Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed.  If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim.  Any funds no longer needed in reserve shall be [select one] [returned to Debtor] [distributed pro-rata among allowed claims in this class].

(c)  Cramdown.  Pursuant to section 1129(b) of the Bankruptcy

Case: 17-52731   Doc# 45   Filed: 02/13/18   Entered: 02/13/18 15:31:58   Page 9 of 18

Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d)  <u>Severability</u>.  If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e)  <u>Governing Law</u>.  Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f)  <u>Lawsuits</u>.

Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|-------|--------------|-----------------|-----------------|-----------------------------------|
| NONE  |              |                 |                 |                                   |
|       |              |                 |                 |                                   |

(g)  <u>Notices</u>.  Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

Andy Uribe
575 Highland Ave.
San Martin CA 95046

Paul Seabrook, Esq.
Seabrook Law Offices
2055 Junction Ave. #138
San Jose, CA 95131

(h)  <u>Post-Confirmation United States Trustee Fees</u>.  Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6).  So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United

States Trustee for that purpose.

(i)  <u>Deadline for § 1111(b) Election</u>.  Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.


Dated:2/12/2018


<u>/s/ Andy Uribe</u>
Andy Uribe
Debtor in Possession


<u>/s/ Paul Seabrook</u>
Paul Seabrook
Attorney for Debtor

Case: 17-52731    Doc# 45    Filed: 02/13/18    Entered: 02/13/18 15:31:58    Page 11 of
18

**Attorney Certification**

I, Paul Seabrook, am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Jose Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified.

Page 7    **Material Def.** changed waiting time for defaults to 30 days.

Page 1    **Introduction.** Page 1, paragraph 2 "7% of their allowed claims paid upon confirmation."

Page 1    **Introduction.** Page 1, paragraph 3- entered date for hearing on disclosure statement for March 29, 2018 and deadline for objecting to plan set for March 22, 2018.

Page 4    **Claim 2(b). Large Claims.** Each creditor will receive payments outlined above or $1/60^{th}$ of the amount to be paid over the 60 months following confirmation.

I declare that the foregoing is true and correct. Executed this 12th day of February, 2018.

<u>/s/ Paul Seabrook</u>
Attorney for Debtor(s)

**Exhibit 1 - Events That Led To Bankruptcy**


There is minimal to no unsecured debt in this case. Andy Uribe
(the "debtor in possession") owns the subject property at 575
Highland Ave., San Martin, CA 95046.

The Debtor experienced a loss of income at his work in 2015.
Since then he has worked to rebuild his income by opening up a
couple of businesses that are starting to show steady profit.

But he fell behind on his mortgage.  Efforts to obtain a loan
modification were not successful.  Facing foreclosure, the Debtor
in Possession faced the prospect of losing his home just when he
was finding that he could afford to catch up on the payments.
Without recourse otherwise, he was forced to consider bankruptcy
as his only option.

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 2040 Wendover Lane, San Jose, California 95121

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $1,250,000.00 | 1st $1,275,000 | $100,000 | 0.00 | 0.00 | 0.00 |
| | 2nd $140,000 | | | | |
| | 3rd | | | | |

[Add additional tables for additional real property]

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | $5,000.00 | $0.00 | $5,000.00 | $0.00 |
| Automobile #1 | $3,573.00 | $0.00 | $3,573.00 | $0.00 |
| Automobile #2 | $3,466.00 | $0.00 | $3,466.00 | $0.00 |
| Household Furnishings | $3,500.00 | $0.00 | $3,500.00 | $0.00 |
| Jewelry | $800.00 | $0.00 | $800.00 | $0.00 |
| Equipment | $10,000.00 | $0.00 | $150.00 | $0.00 |
| Stocks / Investments | | | | |
| Other Personal Property | $38,783.00 | | $20,036.00 | $18,747.00 |
| TOTAL | | | | $18,747.00 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $18,747.00 |
| Recovery from Preferences / Fraudulent Conveyances [ADD] | $0.00 |
| Chapter 7 Administrative Claims [SUBTRACT] | $2,624.70 |
| Chapter 11 Administrative Claims [SUBTRACT] | $0.00 |
| Priority Claims [SUBTRACT] | $15,421.73 |
| Chapter 7 Trustee Fees [SUBTRACT] | $0.00 |
| Chapter 7 Trustee's Professionals [SUBTRACT] | $0.00 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | ($3,327.22) |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $168,629.95 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 7% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 2% |

**Exhibit 3 - Monthly Income and Expenses**

| Income | Amount |
|---|---|
| Gross Employment Income | $0.00 |
| Gross Business Income | $10,933.00 |
| [OTHER INCOME - DESCRIBE]<br>Welding<br>Boarder Income | $1,000.00<br>$2,750.00 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | $0.00 |
| **A. Total Monthly Income** | $14,683.00 |

| Expenses<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | $0.00 |
| Retirement Contributions (401k, IRA, PSP) | $0.00 |
| Shelter Expenses (rent/mortgage, insurance, taxes, utilities)<br>(Total Arrearages on Principal Residence are $ 80,686.03 ) | $3,070.85 |
| Household Expenses (food) | $800.00 |
| Transportation Expenses (car payments, insurance, fuel) | $425.00 |
| Personal Expenses (e.g. recreation, clothing, laundry, medical) | $415.00 |
| Alimony / Child Support | |
| Other Expenses | $7,970.00 |
| Negative Cash Flow on Investment Property (Exhibit 5, Line B) | $0.00 |
| **B. Total Monthly Expenses** | $12,680.85 |

| **C. Disposable Income** (Line A - Line B) | $2002.15 |
|---|---|

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | |
| Priority Claims | $100 |
| General Unsecured Creditors | $162.50 |
| [OTHER PLAN PAYMENTS - DESCRIBE]<br>Mortgage Arrears | $1,680.96 |
| **D. Total Plan Payments** | $1,943.46 |

| **E. Plan Feasibility** (Line C - Line D) (Not feasible if less than zero) | $58.69 |
|---|---|

Combined Plan & Disclosure Statement                                    (Version: 7/30/12)
July 30, 2012
                                        -16-
Case: 17-52731   Doc# 45   Filed: 02/13/18   Entered: 02/13/18 15:31:58   Page 16 of
                                        18

**Exhibit 4 - Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

| | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date | | $5,000 |
|    Payments on Effective Date | | |
|      Unclassified Claims | 0.00 | |
|      Administrative Expense Claims | 0.00 | |
|      Priority Claims | $15,421.73 | |
|      Small Claims (Class 2(a)) | $220.00 | |
|      U.S. Trustee Fees | $650 | |
| B. Total Payments on Effective Date | | $1,943.46 |
| **C. Net Cash on Effective Date** (Line A - Line B) (Not feasible if less than zero) | | $3,056.54 |

**Exhibit 5 - Investment Property Analysis**


**Properties with Positive Monthly Cash-Flow:**

Real Property #1 Income: [Insert Address]

| Rental Income | Mortgage | | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|---|
| | 1st | | | | | |
| | 2nd | | | | | |
| | 3rd | | | | | |

[Add additional tables for additional real property]

Real Property #2 Income: [Insert Address]

| Rental Income | Mortgage | | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|---|
| | 1st | | | | | |
| | 2nd | | | | | |
| | 3rd | | | | | |

| A. Total Positive Cash Flow | |
|---|---|
| | |


**Properties with Negative Monthly Cash-Flow:**

Real Property #3 Income: [Insert Address]

| Rental Income | Mortgage | | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|---|
| | 1st | | | | | |
| | 2nd | | | | | |
| | 3rd | | | | | |

Real Property #4 Income: [Insert Address]

| Rental Income | Mortgage | | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|---|
| | 1st | | | | | |
| | 2nd | | | | | |
| | 3rd | | | | | |

| B. Total Negative Cash Flow | |
|---|---|
| | |